UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS PEPE,
    Plaintiff,

vs.                                Case No.:  3:25cv725/TKW/ZCB

GARY HARRELL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action by filing a complaint. (Docs. 1, 5). On June 2, 2025, the Court ordered Plaintiff to show cause, within fourteen days, why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. 6). That deadline has passed, and Plaintiff has not responded to the show cause order.

"Federal courts . . . are courts of limited jurisdiction." *Wu v. Liu*, 131 F.4th 1295, 1298 (11th Cir. 2025) (cleaned up). If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is based upon either federal question or diversity jurisdiction, or jurisdiction under a specific statutory grant. *See* 28

1

U.S.C. §§ 1331, 1332; *Wilson v. Hearos, LLC*, 128 F.4th 1254, 1260 (11th Cir. 2025).

Federal question jurisdiction exists when an action arises under federal law. 28 U.S.C. § 1331. Actions arise under federal law "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 155-56 (11th Cir. 2024). This "well-pleaded complaint rule means that a federal question is 'presented' when the complaint—on its face—invokes federal law as the basis for relief." *Id.* Claims based on state law generally do not confer federal question jurisdiction. *See Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

A second way to invoke federal subject matter jurisdiction is through diversity jurisdiction. Diversity jurisdiction exists when the parties are residents of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[T]he plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse

from every defendant." *Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024)

The burden to establish federal subject matter jurisdiction rests on the party asserting it. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). Before dismissing a case for lack of subject matter jurisdiction, the court should provide the plaintiff with notice and an opportunity to respond. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

Having reviewed Plaintiff's complaint, it does not establish a basis for federal subject matter jurisdiction. Plaintiff states that this Court has diversity jurisdiction under § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000. (Doc. 1 at 1). Plaintiff alleges that Defendants breached a contract and committed fraud after the parties entered an agreement regarding the writing of a book. (*Id.* at 2-3). Plaintiff's allegations are insufficient to establish the amount in controversy requirement. Plaintiff alleges that he "prepaid a total of $7,600.00 to Defendants for completion of [a] book and article." (*Id.* at 2). Plaintiff further alleges that he loaned Defendants $600. (*Id.*). Plaintiff states that Defendants have not completed their obligations

under the contract and have only repaid $150 of the personal loan.  (*Id.* at 2-3).

A district court does not have to "suspend reality or shelve common sense in determining whether the face of the complaint . . . establishes the jurisdictional amount."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010).  Here, it appears from the face of Plaintiff's complaint that the amount of compensatory damages sought is $8,050—the $7,600 prepaid to Defendants for the book and $450 unpaid on the loan.[1]  Thus, Plaintiff has not met the jurisdictional requirements set forth in 28 U.S.C. § 1332.

Before recommending dismissal for lack of subject matter jurisdiction, the Court provided Plaintiff with notice and an opportunity to respond by way of the show cause order.  (Doc. 6).  Plaintiff, however, has failed to respond.

---

[1] Plaintiff has claimed $30,000 in punitive damages.  But even if added to the $8,050, the damages sought would not exceed the $75,000 threshold under § 1332.  And in any event, Plaintiff "has not provided the Court with any basis from which the Court could meaningfully evaluate the appropriate amount of punitive damages."  *Wendt v. Universal Prot. Serv., LLC*, No. 23-CV-21383, 2023 WL 4781777, at *6 (S.D. Fla. July 27, 2023) (stating that "without further evidence, [Plaintiff] has failed to meet its burden of proof and it would be impermissible speculation to calculate punitive damages in the amount in controversy").

Because federal subject matter jurisdiction is not present, this case should be dismissed. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (cleaned up).

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 17th day of June 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice To The Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.